Warden vs. Sweeney.

Warden, Appellant, vs. Sweeney, Respondent.

*September 27 — October 17, 1893.*

(1) *Appeal: Trifling error.* (2) *Tender.* (3) *Justices' courts: Offer of judgment: Costs.*

1. A verdict will not be disturbed because the trial judge made an error of ten cents in stating to the jury the amount which plaintiff should recover in case certain facts were found.

2. An alleged tender in this case is *held* to have been insufficient, the amount offered being less than was admitted to be due, and there having been no notice as to where the money or its equivalent might be found if the other party should conclude to accept it, and the tender not having been kept good.

3. An offer by defendant to bring into court a certain sum to be paid to plaintiff, unaccompanied by any offer to pay the costs up to that time, is not a sufficient offer of judgment under sec. 3627, R. S., to entitle defendant to costs subsequently accruing.

APPEAL from the County Court of *Dodge* County.

This action was commenced September 25, 1891, in a justice's court, to recover $90.80, the alleged value of a car load of hay purchased of the plaintiff by the defendant. The defendant answered to the effect that he only promised to pay the plaintiff for the hay, $84.92; that July 8, 1891, he tendered to the plaintiff that amount in payment therefor, but that the plaintiff refused to receive the same; that the defendant had ever since remained, and still was, ready and willing to pay to the plaintiff that amount for the hay, but that the plaintiff had hitherto refused to receive the same, and offered to bring the amount into court, to be paid to the plaintiff, if he would accept it.

On the trial the plaintiff recovered judgment for $90.80 damages and costs. The defendant thereupon appealed to the county court, where the cause was retried before and by a jury, and at the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages

at $84.85.    Thereupon the court held as matter of law that
the defendant had before the trial duly tendered and paid
into court the amount of said verdict, and hence that he
was entitled to costs, which were taxed at $61.51, and ren-
dered judgment in favor of the plaintiff for the difference
between that amount and said verdict, to wit, for $23.34.
The plaintiff appeals.

For the appellant there was a brief by *Elwell & Burke*,
attorneys, and *H. W. Sawyer*, of counsel, and oral argu-
ment by *Mr. Sawyer*.

For the respondent there was a brief by *James E. Ma-
lone*, attorney, and *J. J. Dick*, of counsel, and oral argu-
ment by *Mr. Dick*.

CASSODAY, J.    In March or April, 1891, the defendant
weighed and pressed hay for the plaintiff, and attached to
each bale a tag, upon which he marked the weight of such
bundle.    Such bales naturally shrunk in weight as the sum-
mer came on.    In June, 1891, the defendant purchased of
the plaintiff a car load of such hay, and was to pay therefor
$12.25 per ton.    The principal dispute on the trial was
whether the defendant was to take the hay at the weight
so marked on the tags or at its actual weight.    We think
the question thus in dispute was legitimately for the jury,
and we do not feel warranted in setting aside the verdict
as against evidence.    *Hurd v. Milton*, 82 Wis. 406.    Nor
can we disturb the verdict because the judge in charging
the jury made an error of ten cents in stating " that if the
sale was made by actual weight the verdict should be
$84.85."    We conclude that the verdict is conclusive upon
the plaintiff.    But the trial court, as we think, erroneously
allowed costs in favor of the defendant.    The tender pleaded
and attempted to be proved was entirely insufficient.    Some
time prior to the commencement of the action the defend-
ant, through the agency of his wife, offered the plaintiff

his check for the amount named in the verdict; but he refused to accept it.   Such offer was renewed in money soon after, but the amount was less than the defendant admitted to be due, nor was it accompanied by any notice as to where the money or its equivalent would be kept or might be found in case the plaintiff should conclude to accept it, nor was it kept good.

The learned counsel for the plaintiff contends that the answer contained an offer of judgment as prescribed in sec. 3627, R. S.; and that, as the plaintiff failed to recover a more favorable verdict than he would have done by accepting the offer, he was not entitled to recover the costs made after the offer, but was bound to pay the costs so made to the defendant, as prescribed in sec. 3628, R. S. But for the defendant to avail himself of the benefit of sec. 3627, R. S., he was bound to accompany his offer to pay the $84.92 with the plaintiff's costs up to the time of making the offer, as prescribed in that section.   This he did not do.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded with direction to enter judgment against the defendant for the amount of the verdict and interest and the taxable costs and disbursements of the plaintiff in the action, and for further proceedings according to law.